UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES L. ISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-01302-SEB-MJD |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

James L. Ison ("Ison") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his Title II application for disability and disability insurance benefits under the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 216(i), 223(d), 1614(a)(3)(A). For the following reasons, the Magistrate Judge recommends that the District Judge **REVERSE** and **REMAND** the Commissioner's decision.

**I. Background**

Ison filed applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") on November 9, 2012, alleging an onset of disability date of January 1, 2010. [Dkt. 13-2 at 17.] Ison alleges disability due to degenerative disc disease of the lumbar spine, right shoulder tendinitis, kidney stones, obesity, hypertension, depression, anxiety, and antisocial personality disorder. [*Id.* at 20.] These claims were denied initially on February 12, 2013. [*Id.* at 17.] They were denied again on May 10, 2013, upon reconsideration. [*Id.*] Thereafter, on July 10, 2013, Ison filed a written request for a hearing. [*Id.*] The hearing was

1

held on November 14, 2014, in Indianapolis, Indiana. [*Id.*] The Administrative Law Judge ("ALJ"), D. Lyndell Pickett, issued a decision on January 7, 2015, once again denying Ison's applications for DIB and SSI. [*Id.* at 14.] On March 31, 2016, the Appeals Council denied Ison's request for review, making the ALJ's decision the final decision for purposes of judicial review. [*Id.* at 1.] Ison timely filed his Complaint with this Court on May 26, 2016, which Complaint is now before the Court. [Dkt. 1.]

## II. Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability.[1] *See* 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In determining whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, which is defined as an impairment that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform his past relevant work, he is not disabled; and (5) if the claimant

---

[1] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. Separate, parallel statutes and regulations, however, exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

is not found to be disabled at step three and cannot perform his past relevant work, but he can perform certain other available work, his is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, however, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

On review, courts must uphold an ALJ's factual findings unless those findings are not supported by substantial evidence or an error of law occurred. *Herr v. Sullivan*, 912 F.2d 178, 180 (7th Cir. 1990). Substantial evidence requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). This Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). Nevertheless, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate the analysis of the evidence in the decision; although the ALJ "is not required to address every piece of evidence or testimony," the ALJ must "provide some glimpse into [the ALJ's] reasoning" and "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." *Dixon*, 270 F.3d at 1176.

### III. The ALJ's Decision

Employing the five-step sequential analysis, the ALJ first determined that Ison was engaged in substantial gainful activity from January 2010 through February 2011. [Dkt. 13-2 at 19–20.] The ALJ also concluded, however, that there has been a continuous 12-month period during which Ison did not engage in substantial gainful activity. [*Id.* at 20.] Thus, the ALJ proceeded to step two. At step two, the ALJ found that Ison has the following severe impediments: degenerative disc disease of the lumbar spine; right shoulder tendinitis and right acromioclavicular osteoarthritis; kidney stones; obesity; hypertension; depression; anxiety; and antisocial personality disorder. [*Id.*] Because the ALJ found that Ison has medically determinable, severe impairments, the ALJ went to step three. At step three, however, the ALJ decided that none of those impairments meets or medically equals any of the listed impairments in 20 C.F.R. pt. 404, subpart P, App. 1. [*Id.* at 21.] In making this determination, the ALJ considered Listings 1.02, 1.04, 6.03, 6.05, 12.04, 12.06, and 12.08, but found that the medical evidence did not support all of the criteria in any of those listings. [*Id.* at 21–25.] The ALJ also noted that Ison has moderate difficulties maintaining concentration, persistence, or pace due to his mental health symptoms. [*Id.* at 23.]

Because a failure to satisfy step three does not quash a claim for DIB or SSI, the ALJ next analyzed Ison's RFC. [*Id.* at 25.] The ALJ determined that Ison had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), subject to the following stipulations:

> [N]o climbing of ladders, ropes or scaffolds; no crawling; only occasional balancing, stooping, kneeling and crouching; in addition, all the work should be simple, routine, unskilled; away from the general public; and only occasional interaction with supervisors and coworkers.

[*Id.*] In finding these limitations on Ison's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." [*Id.*] The ALJ then acknowledged that the evidence presented could reasonably show that Ison suffers from the symptoms he alleges, but the ALJ found Ison's statements "not entirely credible . . . ." [*Id.* at 26.]

At step four, the ALJ concluded that Ison is unable to perform any past relevant work. [Dkt. 13-2 at 33.] The ALJ thus proceeded to step five, at which time he received testimony from the vocational expert indicating that someone with Plaintiff's education, work experience, age, and RFC would be able to perform unskilled light occupations such as a housekeeper cleaner, mail clerk, or office machine operator. [*Id.* at 34.] Because these jobs exist in significant numbers in the national economy, the ALJ concluded that Ison is not disabled. [*Id.* at 34–35.]

## IV. Discussion

Ison asserts that the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Ison first claims that the ALJ failed to properly address his limitations in concentration, persistence, or pace in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), despite having found Ison to be moderately limited in this respect. [Dkt. 16 at 4.] Second, Ison argues that the ALJ erred in discounting Ison's credibility based on a perception of noncompliance in Ison's treatment history. [*Id.*]

### A. Concentration, Persistence, or Pace

Ison first argues that that the ALJ erred by failing to accommodate Ison's limitations in concentration, persistence, or pace in Ison's RFC or the hypothetical questions posed to the VE. As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *See*, *e.g.*,

*O'Connor-Spinner v. Astrue*, 627 F.3d 614, 615 (7th Cir. 2010); *see also Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). This includes any deficiencies the claimant may have in concentration, persistence, or pace. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

In this case, the ALJ specifically found at *step three* that Ison has moderate difficulties with concentration, persistence, or pace. Ison argues that the ALJ's failure to address these limitations explicitly in the RFC or hypothetical posed to the VE constitutes the same error as the ALJ in *O'Connor-Spinner*. This argument erroneously conflates the ALJ's step three determination with the ALJ's later RFC determination. At step three of the sequential evaluation process, the ALJ considered the "Paragraph B" criteria and found that Plaintiff had "moderate difficulties" in concentration, persistence, or pace. The SSA, however, makes clear that such step three determinations are not RFC assessments:

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

SSR 96–8p. Based on this ruling, the fact that Plaintiff had "moderate difficulties" for the purposes of step three does not necessarily mean that Plaintiff also had moderate functional limitations that had to be included in the RFC. However, in order to construct the "logical bridge" from step three to the RFC determination, the ALJ should have explained *why* these difficulties were not reflected the RFC.

Each impairment contributes to the calculus, and it is only by taking all of a claimant's impairments, whether severe or not, into account that an ALJ can accurately evaluate a claimant's true RFC to work or to perform past work. This requirement ensures that all of the

necessary factors are included in the equation.  Consequently, the ALJ should refer to limitations on concentration, persistence, or pace in the hypothetical in order to "focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *O'Connor-Spinner*, 627 F.3d at 620–21. If the ALJ concluded that the limitations found at step three did not need to be reflected in the RFC, such conclusion should have been explained.

That did not happen here. The ALJ devised an RFC using precisely the language denounced by *O'Connor-Spinner* without explanation as to why the moderate difficulties from step three were abandoned. The ALJ's limitation to "simple, routine, unskilled" work in the RFC is insufficient to account for the moderate limitations in concentration, persistence or pace found by the ALJ. *See Spears v. Colvin*, 1:15-cv-01946-JMS-MPB, 2016 WL 5851592 (S.D. Ind. 2016). The Commissioner argues that because the ALJ gave "great weight" to the opinions of the state agency psychologists whose reports concluded Ison could "understand, remember, and carry-out at least semi-skilled tasks" and could "attend to task for sufficient periods of time to complete," the RFC assessment properly accommodates Ison's mental limitations. It is true that the ALJ noted that Ison's mental status examinations indicated a generally normal attention span, memory, and ability to concentrate. [Dkt. 13-2 at 24.] Yet inexplicably, in the very same paragraph, the ALJ concluded that the "weight of the evidence indicates that the claimant has 'moderate' difficulties maintaining concentration, persistence and/or pace, due to his mental health symptoms." *Id.* It is beyond the reviewing power of this Court to resolve the ALJ's internal inconsistency. Because the ALJ failed to build the logical bridge between his step three finding and the RFC, the Court must remand the ALJ's decision.

### B. Ison's Credibility

Ison next challenges the ALJ's determination that Ison was not entirely credible. When assessing an ALJ's credibility evaluation, the Court does not undertake a *de novo* review of the evidence that was presented to the ALJ. Instead, the Court examines whether the ALJ's determination was reasoned and supported. It is only when the ALJ's determination lacks any explanation or support that the Court will declare it to be "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008). The ALJ found that Ison was not credible because Ison delayed seeking mental health treatment, did not comply with recommended treatments and his testimony concerning the severity of his symptoms was not supported by the medical evidence. [Dkt. 13 at 31–33.] The Court agrees with the Commissioner that the ALJ's finding was not patently wrong. On remand, however, when making the finding on Ison's credibility, the ALJ should be careful not to give unwarranted weight to a claimant's noncompliance with suggested treatment.

The Court recognizes that, on remand and in future cases, the ALJ should consider Social Security Ruling 16-3p, 2016 WL 1020935, which effectively replaced Ruling 96-7p as of March 28, 2016. The Court cautions the ALJ to be cognizant of the changes that Ruling 16-3p made on the regulatory language about symptom evaluations, and how those changes may affect the ALJ's credibility determination on remand. Lastly, when making a determination about a claimant's disability, the ALJ should not give undue weight to any one factor.

### V.  Conclusion

The standard for review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but neither does it reweigh the evidence nor substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Where, as here, the

8

ALJ did not build a logical bridge between the evidence in the record and the ALJ's conclusion, the Court must remand. As the Court cannot find a complete logical bridge in the ALJ's five-step sequential analysis, the Court recommends that the Commissioner's decision be vacated and **REMANDED** for further proceedings.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Davis v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dated: 12 MAY 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.